Filed in District Court
State of Minnesota
4/19/2023 5:28 PM

**STATE OF MINNESOTA**
**County of Hennepin**

Judicial District:
Case Type:

**DISTRICT COURT**
Fourth
Civil Other/ Misc.

)
)
Madgett Law, LLC,                                )
)
*Plaintiff and Petitioner*                    )
v.                                                   )
)                          **SUMMONS**
Pravati Capital, LLC; Pravati Investment  )
Fund IV, LP; American Arbitration        )
Association; Berkshire Hathaway Direct    )
Insurance Company d/b/a BiBerk          )
Insurance Company                            )
)
*Defendants and Respondents.*           )

    1. **YOU ARE BEING SUED**. The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this Summons.

    2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS**. You must give or mail to the person who signed this Summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

        333 South 7th Street, Suite 2450
        Minneapolis, MN 55402

    3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

    4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN**

01397-Madgett Law, LLC



Filed in District Court
State of Minnesota
4/19/2023 5:28 PM

**RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: April 4, 2023                    **MADGETT LAW, LLC**

                                        /s/David Madgett
                                        David Madgett (#0390494)
                                        333 S 7th Street, Suite 2450
                                        Minneapolis, MN 55402
                                        612-470-6529
                                        dmadgett@madgettlaw.com
                                        ATTORNEY FOR PLAINTIFF
                                        & PETITIONER

01397-Madgett Law, LLC

Filed in District Court
State of Minnesota
4/19/2023 5:28 PM

**STATE OF MINNESOTA**
**County of Hennepin**

Judicial District:
Case Type:

**DISTRICT COURT**
Fourth
Civil Other/ Misc.

|  |  |  |
|---|---|---|
| Madgett Law, LLC, | ) | |
| | ) | |
| | ) | |
| *Plaintiff and Petitioner* | ) | **COMPLAINT AND** |
| v. | ) | **PETITION TO ENJOIN** |
| | ) | **AMERICAN ARBITRATION** |
| Pravati Capital, LLC; Pravati Investment | ) | **ASSOCIATION ACTION** |
| Fund IV, LP; American Arbitration | ) | |
| Association; Berkshire Hathaway Direct | ) | |
| Insurance Company d/b/a BiBerk | ) | |
| Insurance Company | ) | |
| | ) | |
| *Defendants and Respondents.* | ) | |

Plaintiff, by and through its attorneys, for its complaint and petition against

Defendants upon personal knowledge of its agents and owners as to its own facts and

conduct and on information and belief as to all other matters, states and alleges as follows:

## INTRODUCTION

The following case involves a demand for arbitration requesting $3,080,247.21 filed

by a foreign litigation funding company, Pravati Capital, LLC utilizing the name Pravati

Investment Fund IV, LP (Collectively referred to as "Pravati"). Pravati's demand for

arbitration claims accelerated interest and fees for an alleged breach of contract stemming

from the common (and in fact often required) practice of attorney allegedly writing down his

fee to achieve a settlement in a case before the court in the District of Minnesota.[1] Bizarrely

---

[1] This information was obtained from conversations with Defendant Pravati's agent and attorney Mr. Ian Abaie. Plaintiff reserves the argument that a litigation finance company cannot legally invade the attorney-client relationship of Minnesota lawyers and their clients in cases before state and federal courts in Minnesota, and that any contract that purports to do this is void for illegality.

3

Filed in District Court
State of Minnesota
4/19/2023 5:28 PM

however, the above-captioned Plaintiff and now petitioning law firm, Madgett Law, LLC

("Madgett Law") was not a party to the agreement between the law firm receiving funding,

Robert R. Hopper & Associates, LLC (Hereinafter "Hopper & Associates") and the funder,

Pravati.[2] Moreover, Madgett Law received no part of the litigation funding from Pravati,

received no part of the settlement proceeds in the case, was not co-counsel in the case at the

time of resolution, and, to date, knows nothing of the terms of resolution. Despite this,

Pravati as assisted by its lawyer, Mr. Ian Abaie, has initiated arbitration against Madgett Law

and has refused to withdraw its frivolous demand for arbitration. Much the same, the

American Arbitration Association, after receiving monetary fees for administering

arbitration, has similarly refused release Madgett Law despite lacking any evidence of an

agreement to arbitrate.

Pravati's demand for arbitration lacks any semblance of fact; its demand consists of

nothing more than a totally unsupported list of causes of action including simply "fraud"[3].

This makes any specific arguments as to the merits, or lack of merit, impossible at this time.

However, the record is clear that, despite repeated written requests, the money lender has

failed to produce any agreement that Madgett Law agreed to arbitrate.[4]

Because Pravati has no legal basis to demand arbitration against Madgett Law, the

arbitration action must be enjoined.  It should also be noted that this firm is not the only

---

[2] Mr. Robert R. Hopper, Esq. has agreed to provide an affidavit that he alone was a party to a litigation funding agreement in the fall of 2021.
[3] It is well settled that any allegation of fraud must be plead with specificity.
[4] Pravati did produce a series of contracts allegedly executed by a similarly named firm Madgett & Klien, PLLC (Sic.). However, these contracts were not executed under the authority of the undersigned, were not authorized to be sent to Pravati. Regardless, the contracts do not purport to bear the name of the Madgett Law, LLC. Thus, these contracts-containing forged signatures- have no legal bearing on the current dispute.

4

27-CV-23-5290

Filed in District Court
State of Minnesota
4/19/2023 5:28 PM

firm subject to Pravati's vexatious scattershot arbitration filings: The Hutton Firm, another well-established civil rights firm, is also a respondent to Pravati's disorderly arbitration practices assisted by the American Arbitration Association. The Hutton Firm is believed to be working with the Minnesota Attorney General's office and will likely be filing a separate petition before this court.

As alleged herein, Pravati has been previously accused of utilizing arbitration together with a pre-selected bench of Arizona-based arbitrators to enforce illegal and, in some cases, fraudulent contracts. In fact, Defendant Pravati's unfair and illegal practices have been the subject of investigative reporting by the American Bar Association, as reported in the November 18, 2021 issue of the ABA Journal. Here however, Pravati appears to have graduated from fraudulent dealings with attorney partners, to the filing of frivolous arbitrations based on fraudulent allegations of contracts.

## STATEMENT OF JURISDICTION AND VENUE

1.     This Court has Jurisdiction over the subject matter of this action pursuant to Minn. Stat. §484.01.

2.     Because this case deals with state contract law, this court has exclusive jurisdiction. *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008).

3.     Venue is appropriate as the events giving rise to these claims arose in the State of Minnesota and County of Hennepin.

## PARTIES AND KEY INDIVIDUALS

4.     Plaintiff is a Minnesota Law firm.

Filed in District Court
State of Minnesota
4/19/2023 5:28 PM

5.      Defendant Pravati is a foreign company who is believed to provide financing to law firms in need of financial assistance to prosecute claims: Despite conducting business within the state, including financing cases brought by Minnesota counsel before the state and federal courts of Minnesota, Pravati has not registered to do business in Minnesota.

6.      Pravati is alleged to be involved in deceptive, misleading, and wholly fraudulent trade and lending practices.

7.      Privati's attorney, Mr. Ian Abaie, is not licensed to practice in the state of Minnesota. Despite this, Mr. Abaie has attempted to interject in Minnesota cases including the matter of *Alexander v. 1328 Uptown, Inc. et al.*, District of Minnesota, 0:18-cv-01544-ECT-ECW ("the Alexander matter"). Specifically, Mr. Abaie has attempted to dictate the terms under which the case may settle and has threatened litigation in the event counsel did not follow the terms outlined by Pravati and Mr. Abaie. Should these pleadings be amended to include Mr. Abaie, this court is believed to have specific jurisdiction over Mr. Abaie as, inter alia, he has filed arbitration over the Alexander matter, a case brought by a Minnesota plaintiff in the District of Minnesota. Mr. Abaie has knowingly, and tortiously, interfered with the attorney client relationship both though direct contact and though the use of arbitration to prevent compromise and the settlement of the aforementioned matter before the court in the District of Minnesota. A copy of this complaint will be provided to the Minnesota Board of Professional Responsibility as required by the disclosure rules.

8.      Robert R. Hopper Esq. is a Minnesota licensed attorney who is believed to have certain agreements with Pravati.

6

27-CV-23-5290

Filed in District Court
State of Minnesota
4/19/2023 5:28 PM

9.      Robert R. Hopper & Associates, LLC is a Minnesota law firm owned and operated by Mr. Robert R. Hopper.

10.     Berkshire Hathaway Direct Insurance Company d/b/a BiBerk Insurance Company ("Berkshire") is Plaintiff's professional liability company who has refused to provide defense counsel to Plaintiff as agreed under the contract for insurance executed between Berkshire and Madgett Law.

11.     The American Arbitration Association ("AAA") is a provider of binding arbitration services. The AAA is presently administering a parallel action Case Number 01-23-0000-2253. The AAA has continued to administer this case despite no evidence that Madgett Law, LLC agreed to resolve disputes via arbitration and over written protests of Plaintiff specifically contesting jurisdiction and specifically informing the AAA administrators of this action.

12.     On information and belief, the AAA and/or its case administrator is serving as an agent of Pravati.

13.     Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendants all conducted business in the State of Minnesota and in the County of Hennepin.

## FACTS

14.     On information and belief, in November of 2020, Mr. Robert R. Hopper, Esq. ("Mr. Hopper") as agent for his law firm Robert R. Hopper & Associates, LLC ("Hopper & Associates") (collectively referred to herein as "Hopper") entered into an agreement for litigation funding with Defendant Pravati.

7

Filed in District Court
State of Minnesota
4/19/2023 5:28 PM

15.     As Plaintiff was not a party to that agreement, the exact terms of the agreement between Pravati and Hopper are unknown to Plaintiff.

16.     However, it is known that Pravati transferred some amount of money to Hopper in exchange for a return for some portion of attorney fees earned by Hopper in the Alexander matter.

17.     Plaintiff, as co-counsel in the matter, was informed of the agreement between Hopper and Pravati.

18.     The agreement between Hopper and Madgett was for hourly fee work: The agreement did not provide for Madgett Law or the undersigned to any portion of any future settlement for the firm's services related to the Alexander matter.

19.     The fact that Madgett Law would take no fee from any future settlement was communicated to Pravati on numerous occasions.

20.     This fact was also expressly confirmed in writing to Pravati via email at the request of Hopper on June 10, 2022.

21.     Specifically, the undersigned wrote via email to Pravati, "Just so your records are fully complete, I will also add that no other entity in which I own any interest, including but not limited to, the entity Madgett Law, has any interest in any of Mr. Hopper's cases nor will any such entity be taking a fee from any settlement or judgment. Again, I am acting only as an associate and Mr. Hopper is paying me an hourly wage."

22.     At no time did any agent of Madgett Law agree to resolve any dispute with Pravati via binding arbitration.

8

Filed in District Court
State of Minnesota
4/19/2023 5:28 PM

23.     This is the full extent of any written communication between Pravati and Madgett Law regarding Madgett Law's fees in Alexander Mattter.

24.     At no point thereafter did Madgett Law take any portion of any settlement nor did Madgett Law receive any further payment from Hopper for services rendered on the case.

25.     On July 20, 2022, Hopper informed Madgett Law that the firm's services were no longer needed in the Alexander matter; and the undersigned directed his paralegal to file a notice of withdrawal as attorney in the case.

26.     That notice of withdraw was filed the following day.

27.     On the same day, July 21, 2022, Madgett Law received notice of settlement via an automated alert.

28.     Curious as to the outcome of the case he had worked on, the undersigned immediately emailed the notice to both Mr. Hopper and Pravati with the goal of inquiring as to the total settlement.

29.     Mr. Hopper informed the undersigned that he could not ethically disclose the sum paid, if any, under the terms of the agreement.

30.     Accordingly, the undersigned made no additional inquiry.

31.     Pravati made no additional attempts to communicate with anyone at Madgett Law until alleging breach of a non-existent contract.

32.     On September 30, 2022 Judgment was entered in the Alexander matter.

33.     On December 13, 2022 Madgett Law received a demand letter from Pravati alleging an alleged breach of an unknown agreement and a demand for payment in the amount of $2,831,976.00.

9

Filed in District Court
State of Minnesota
4/19/2023 5:28 PM

34.     Plaintiff informed Pravati that it would need to address its concerns directly with Hopper and that no agreement existed between the firms regarding the Alexander Matter.

35.     Plaintiff also informed Pravati that it took no portion of any settlement in Alexander and was not associated with the case at the time of settlement.

36.     Plaintiff further asserted that Hopper and Madgett Law were totally separate and distinct legal entities and that Madgett Law was in no way responsible for the actions of Hopper.

37.     Madgett thereafter scheduled a call with Pravati wherein Mr. Abaie informed the undersigned that Pravati had made requests to Mr. Hopper for information related to the Alexander case and that Hopper had failed to make any response.

38.     Neither the undersigned nor any agent of Madgett Law was copied on any communication relating to the Alexander matter sent from Pravati to Hopper.

39.     This directly evidences the fact that no one at Pravati believed anyone at Madgett Law or the firm itself to be obligated to Pravati in any way regarding the Alexander Matter.

40.     Mr. Hopper has denied any such requests were unanswered and asserts that, in actuality, Pravati repeatedly failed to respond to Mr. Hopper.

41.     Plaintiff requested copies of all agreements at issue the same day.

42.     Pravati refused to produce a single agreement despite Mr. Abaie contending that "funding agreements" existed with respect to the Alexander Matter.

43.     On information and belief, Mr. Abaie as an agent for Pravati began to doubt the economic viability of recovering from Hopper and thereafter began making fraudulent

01397-Madgett Law, LLC

Filed in District Court
State of Minnesota
4/19/2023 5:28 PM

misrepresentations that Madgett Law was somehow liable for the agreement and had agreed to arbitrate before the AAA.

44.     On December 23, 2022, Mr. Abaie sent the undersigned an email demanding that "payment arrangements" be made.

45.     The undersigned responded as follows, "Mr. Abaie, you are mistaken, I did not co-sign any agreement with Mr. Hopper with respect to the Alexander matter. The contracts we (sic.) have do not allow you to impute Mr. Hopper's [alleged] violation of his agreement with you in the Alexander matter to me or my firm."

46.     Plaintiff again requested copies of any agreements allegedly signed by the firm.

47.     Again, Pravati failed to respond to Plaintiff's requests.

48.     On January 14th, the undersigned wrote Mr. Abaie via email:

"I have made three separate requests for copies of all agreements together with any authorizations to disburse funds. To date, after over a month of requests, you have not provided a single agreement or authorization. Once again, I make the same request. As I have repeatedly stated, neither I, nor my firm, is a party to your agreement with Mr. Hopper on the Alexander case. You are mistaken if you believe otherwise. Moreover, beyond being co-counsel on three matters, my firm is not associated with Mr. Hopper or Hopper & Associates, LLC. Stated otherwise, neither I, nor my firm, has any legal liability for Hopper's alleged debts. I have received no part of the Alexander proceeds. I am sure Mr. Hopper will provide an accounting, however, that issue is between you and Mr. Hopper."

49.     Mr. Abaie again failed to respond.

50.     On January 24th, 2023, Pravati initiated arbitration against Madgett Law asserting a series of causes of action and an adjusted demand of $3,080,247.21: No accounting for the various adjustments to the amounts demanded has been offered (Defendant's previous demand letters requested $2,831,976.00).

11

Filed in District Court
State of Minnesota
4/19/2023 5:28 PM

51.     After numerous requests to cease, Pravati and Mr. Abaie have continued prosecuting their claim before the American Arbitration Association who has continued to administer Pravati's claim despite the lack of an agreement to arbitrate.

52.     As a direct result of Defendants' vexatious litigation, Plaintiff has suffered substantial financial loss including lost professional fees and wages.

53.     Plaintiff was further harmed by incurring outside legal and professional fees in consulting with various experts regarding the course of action for overcoming the AAA action and bringing this suit.

54.     In December of 2022, prior to being notified of arbitration, Plaintiff tendered a demand for counsel to its insurer Berkshire.

55.     Immediately upon being notified of the arbitration, Plaintiff informed the AAA that there was not jurisdictional basis for administering a case involving Madgett Law, LLC and that, if necessary, Plaintiff would file this action to enjoin arbitration.

56.     Plaintiff similarly asked the AAA to cease proceedings pending the assignment of counsel from Plaintiff's insurer.

57.     In response, the AAA refused to afford Plaintiff the time to secure counsel and promptly appointed an arbitrator who, incredibly, is a partner at Pravati's law firm of choice.

58.     The AAA thereafter reaffirmed the appointment of the arbitrator over Plaintiff's objections and is moving forward with arbitration despite absolutely no evidence of an agreement to arbitrate.

**APPLICABLE LAW**

27-CV-23-5290

Filed in District Court
State of Minnesota
4/19/2023 5:28 PM

According to Minnesota law, district court is the proper forum to decide whether agreement to submit dispute to arbitration exists and whether dispute is within scope of arbitration clause. *Brassard v. Western Capital Corp.*, D.Minn.1990, 763 F.Supp. 1017. Minnesota Statute § 572B.07 states:

> "On motion of a person alleging that an arbitration proceeding has been initiated or threatened but that there is no agreement to arbitrate, the court shall proceed summarily to decide the issue. If the court finds that there is an enforceable agreement to arbitrate, it shall order the parties to arbitrate. If the court finds that there is no enforceable agreement, it may not order the parties to arbitrate."

Authority of trial court to stay proceedings pending arbitration is not restricted to those cases where procedure prescribed by Uniform Arbitration Act (§§ 570.08 to 572.30) is followed. *Niazi v. St. Paul Mercury Ins. Co.*, 1963, 265 Minn. 222, 121 N.W.2d 349. In action for injunctive relief from arbitration of dispute, limited issue presented to trial court is existence and scope of arbitration agreement. *City of Morris v. Duininck Bros., Inc.*, App.1995, 531 N.W.2d 208.

Under the Federal Arbitration Act, an agreement to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "The final clause of § 2, its saving clause, permits agreements to arbitrate to be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability, but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." *Sakkab v. Luxottica Retail N. Am., Inc.*, 803 F.3d 425, 432 (9th Cir. 2015) (internal quotation marks omitted). Stated otherwise, the state or district court is the only appropriate forum to decide whether a contract was formed.

13

27-CV-23-5290

Filed in District Court
State of Minnesota
4/19/2023 5:28 PM

"Gateway" questions of arbitrability are typically for a court, and not the arbitrator, to decide, even where there is a facial agreement to arbitrate. See *Portland GE v. Liberty Mut. Ins. Co.*, 862 F.3d 981, 985 (9th Cir. 2017) (stating that gateway questions of arbitrability "are presumptively reserved for the court"). Gateway questions include " 'whether the parties have a valid arbitration agreement or are bound by a given arbitration clause, and whether an arbitration clause in a concededly binding contract applies to a given controversy.' " Id. Notwithstanding the presumption of judicial determination, "parties may delegate the adjudication of gateway issues to the arbitrator if they *1248 'clearly and unmistakably' agree to do so." Id.

"The issue of contract formation, however, is not a delegable gateway issue." *Eiess v. USAA Federal Savings Bank*, 404 F.Supp.3d 1240, 1247–48 (N.D.Cal., 2019). "The fundamental threshold question of whether there exists a binding contract (of which an arbitration clause is a part) cannot be delegated because it cannot be assumed that a delegation clause contained therein must be given effect. In other words, if a contract contains a delegation clause, that delegation clause may be given effect only where the contract has been formed in the first instance." Id. As the Ninth Circuit said in *Kum Tat Ltd. v. Linden Ox Pasture, LLC*, 845 F.3d 979 (9th Cir. 2017), "[a]lthough challenges to the validity of a contract with an arbitration clause are to be decided by the arbitrator, challenges to the very existence of the contract are, in general, properly directed to the court." Id. at 983.

Stated otherwise, where there is an allegation that no agreement to arbitrate exists, as here, the State or District court, not the AAA, is the appropriate forum to decide the matter.

14

Filed in District Court
State of Minnesota
4/19/2023 5:28 PM

## FIRST COUNT

### Motion to Stay Arbitration

### (Against Pravati Capital, LLC; Pravati Investment Fund IV, LP; )
### and the American Arbitration Association)

59.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

60.     Plaintiff never agreed to resolve disputes via arbitration with Pravati.

61.     Pravati has refused to produce any agreement to arbitrate bearing the name of Plaintiff.

62.     Plaintiff asserts that Pravati and Mr. Abaie have made fraudulent misrepresentations to the American Arbitration Association that agreements to arbitrate exist.

63.     At this time, the precise time and date of those misrepresentations is unknown to Plaintiff and Plaintiff expressly reserves the right to amend this complaint and petition to amend its claim of fraud.

64.     Plaintiff moves the court pursuant to Minnesota Statute § 572B.07(b) for an order enjoining any further arbitration against Plaintiff.

### SECOND COUNT
### Abuse of Process
### (Against Pravati Capital, LLC & Pravati Investment Fund IV, LP)

65.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

66.     Pravati and Mr. Abaie utilized arbitration to achieve an ulterior purpose, namely to tie Madgett Law to Hopper in a manner not within the scope of the law.

15

27-CV-23-5290

Filed in District Court
State of Minnesota
4/19/2023 5:28 PM

67.     Furthermore, as evidenced by Pravati and Mr. Abaie's refusal to produce funding agreements and as evidenced by their later arbitration claim alleging that Hopper and Madgett Law were committing "fraud", Pravati's true purpose was to convince agents of Madgett Law that Hopper had committed some fraud, theft, or forgery for which Madgett Law would be labile.

68.     In so doing Pravati and Mr. Abaie knowingly engaged in baseless threats (and later litigation) with the hope that Madgett Law would make payment to avoid distraction from core business operations.

69.     This is further evidenced by Mr. Abaie's demand that Madgett Law make "payment arrangements" for the sum of $2,831,976.00 and days later for the sum of $3,080,247.21.

70.     On information and belief, Pravati operates its funding business with the goal of manufacturing breachs of its funding agreements by attorney borrowers as a principal source of income.

      a.   Stated otherwise, Pravati does not benefit from a sound investment strategy of prudent investments, but by lending money in the hope of creating a breach and thereby accelerating payments and attacking the personal assets of attorneys and, as in the present matter, unassociated co-counsel.

71.     In the present matter, Pravati was not entitled to payment from Mr. Hopper or his firm under the enforceable terms of its agreement with Mr. Hopper and his firm and therefore Pravati is believed to have manufactured a "breach" accelerating payments and binding Mr. Hopper to some form of personal guarantee.

27-CV-23-5290

Filed in District Court
State of Minnesota
4/19/2023 5:28 PM

72.     Pravati has made the same claims against Plaintiff going so far as to assert a claim to the undersigned's personal assets.

73.     As a result of Defendants' abuse of process, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, lost business opportunity, damage to reputation, interference with normal and usual activities and business operations, for which Plaintiff seeks damages in an amount to be determined by a jury.

**THIRD COUNT**
**Violation of the Minnesota Consumer Protection Act**
**(Against Pravati Capital, LLC & Pravati Investment Fund IV, LP)**

74.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

75.     Defendant Pravati misrepresents its agreements in that, at the time of contract formation, the company intends to prohibit attorneys from resolving cases by compromise unless such compromise directly benefits Pravati.

76.     Specifically, Pravati intends to allege breach (thereby accelerating all payments and allowing Pravati to attack the personal assets of the attorney) when and if an attorney compromises on his fee in order to ethically assist a client in resolving a matter by compromise.

77.     Because of Pravati's unstated intentions at the time of formation, the contract in question is intended by Pravati to materially interfere in the attorney client relationship.

78.     The contract in question is therefore illegal at the time of formation and Pravati knows this to be the case.

Filed in District Court
State of Minnesota
4/19/2023 5:28 PM

79.     In order to avoid the contract being unenforceable by the court, Pravati seeks to withhold information and obfuscate its pattern and practice by utilizing "expedited" private arbitration before the American Arbitration Association.

80.     By utilizing a bench of pre-selected repeat arbitrators from the same jurisdiction the firm seeks to obtain the benefit of being a repeat player offering future work to arbitrators that rule in its favor.

81.     This practice of withholding material information at the time of sale and illegal contract formation constitutes multiple knowing violations of Minnesota Consumer Protection Act, including but not limited to, the Minnesota Consumer Fraud Act, Minnesota Deceptive Trade Practices Act, and Minnesota Unfair Trade Practices Act.

82.     Plaintiff seeks to enforce these statutes under the Minnesota Attorney General Act.

83.     Enforcement of these statutes constitutes a public benefit in that the people of Minnesota benefit from free and open access to the courts, efficient compromise of legal disputes, and the prompt removal of restraints and barriers to the resolution of legal disputes before the state and federal courts of Minnesota.

84.     Plaintiff seeks an injection prohibiting Pravati from doing business or enforcing funding agreements before the AAA and/ or in the Courts of Minnesota.

## FOURTH COUNT
## FRAUD
### (Against Pravati Capital, LLC & Pravati Investment Fund IV, LP)

85.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18

01397-Madgett Law, LLC

27-CV-23-5290

Filed in District Court
State of Minnesota
4/19/2023 5:28 PM

86.     On December 23, 2022, at 5:37 p.m. central time in response to Plaintiff's letter stating that no signed agreements existed between Pravati and Plaintiff, Mr. Ian Abaie stated in writing, "You and your firm signed legal documents with Pravati."

87.     This statement is false in that at no time did any agent of Madgett Law sign any agreement with Pravati.

88.     This statement is material in that it has known legal implications.

89.     Mr. Abaie knew this statement to be false at the time it was made.

90.     Mr. Abaie made this statement with the intention of Misleading representatives of Madgett Law into believing that Hopper or another party had forged signatures purporting to commit the firm.

91.     Mr. Abaie intended Plaintiff to rely on the representation to induce Plaintiff to pressure Hopper to pay money to Pravati.

92.     Plaintiff relied on these representations in accusing Hopper of absconding with funds and forging signatures.

93.     Plaintiff was harmed in that Plaintiff took action to withdraw from various fee generating cases involving Hopper.

### FIFTH COUNT
### Breach of Contract
### (Against Berkshire Hathaway Direct Insurance Company)

94.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

95.     Plaintiff is insured by Berkshire Hathaway Direct Insurance Company ("Berkshire") for any errors, omissions, and other professional liability.

01397-Madgett Law, LLC

Filed in District Court
State of Minnesota
4/19/2023 5:28 PM

96.     Plaintiff timely notified Berkshire of Defendant Pravati's scattershot, unspecified, claims for, inter alia, "breach of implied warranty of good faith and fair dealing; 3. fraud, 4. conversion, 5. successor liability, 6. appointment of receiver; 7. full accounting; 8. Imposition of constructive trust 9. In the alternative, unjust enrichment; 10. Such other legal and equitable relief as is warranted." (Sic.).

97.     No other facts or information were provided in Defendant Pravati's claim for which Berkshire could deny Plaintiff's claim in good faith.

98.     Plaintiff informed Berkshire that Plaintiff had no contract or agreement with Pravati and that Plaintiff required the assignment of defense counsel pursuant to the contract terms.

99.     Defendant Berkshire failed to respond to Plaintiff's claim for nearly two months.

100.    On April 3, 2023, Berkshire responded by denying coverage for Plaintiff's claim.

101.    Berkshire claimed the following basis for denial, *inter alia*:

    a.  No wrongful act occurred. Plaintiff committed no error or admission.

        i.  This is incorrect and asserted in bad faith in that it may be argued that Plaintiff, prior to entering the case, omitted any assurance that Hopper had not received litigation funding from an organization previously alleged to engage in unfair practices such as fraud.

    b.  Breach of Contact Exclusion.

        i.  This is incorrect and asserted in bad faith in that there is an exception to the exclusion where, as here, liability attaches outside of the contract. Plaintiff is not a party to the contract allegedly breached by Hopper.

Filed in District Court
State of Minnesota
4/19/2023 5:28 PM

Plaintiff's sole connection to the contract is though performing legal work in the same matter as Hopper.

c. Theft, Misappropriation, Commingling, or Conversion Exclusion.

i. This is incorrect and asserted in bad faith in that Madgett Law neither received any portion of the funds advanced by Pravati in the Alexander matter nor did Madgett Law receive any part of the settlement funds in Alexander.

102. Berkshire's denial assumes facts not in evidence and for which there is no evidence to deny Plaintiff's contractual claim in bad faith.

103. Plaintiff is due monetary relief and specific performance.

### Jury Demand

104. Plaintiff hereby demands a trial by jury.

### Prayer for Relief

WHEREFORE, Plaintiff, by and through his attorney, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

a. All actual compensatory damages suffered;

b. Injunctive relief prohibiting Pravati from engaging in litigation funding in Minnesota and from enforcing any of its illegal contracts for litigation funding before the American Arbitration Association;

c. Reasonable attorney's fees, litigation expenses, and cost of suit; and

d. Any other relief deemed appropriate by this Honorable Court.

21

27-CV-23-5290

Filed in District Court
State of Minnesota
4/19/2023 5:28 PM

Dated: April 4, 2023                          **MADGETT LAW, LLC**

/s/David Madgett
David Madgett (#0390494)
333 S 7th Street, Suite 2450
Minneapolis, MN 55402
612-470-6529
dmadgett@madgettlaw.com
ATTORNEY FOR PLAINTIFF

01397-Madgett Law, LLC

Filed in District Court
State of Minnesota
4/20/2023 1:32 PM

State of Minnesota                                          District Court
Hennepin County                                            Fourth Judicial District

| Court File Number: 27-CV-23-5290 |
| --- |

Case Type: Civil Other/Misc.

**Notice of Judicial Assignment-
Motion-Petition-Miscellaneous**

FILE COPY

---

**Madgett Law, LLC vs Pravati Capital, LLC; Pravati InvestmentFund IV, LP; American Arbitration Association;
Berkshire Hathaway Direct Insurance Company d/b/a BiBerk Insurance Company**

Date Case Filed: April 19, 2023

All future papers must include the above file number, name of assigned judge, attorney identification number, and must
otherwise conform to format requirements or they will be returned.

This case is assigned the following judicial officer for all further proceedings:

**District Court Judge Joseph R. Klein**
612-543-1341

**Mailing Address:** 300 South Sixth Street, MC 332, Minneapolis, MN 55487-0332

**Parties**:          If you receive this notice and have obtained an attorney, notify him/her of this assignment immediately.

**Attorneys**:      Only the first listed attorney for a party is being sent this notice. If you are the attorney receiving this
notice, contact all other attorneys representing your party of the judge assignment and requirements.

The filing attorney/party is responsible for notifying all attorneys/parties not listed on the Civil Cover Sheet
of the judge assignment and requirements.

Per Supreme Court order, e-filing is mandatory in this case for all attorneys and government agencies.
Unrepresented parties are excluded by this order. Attorneys or government agencies must also e-serve all
documents required or permitted to be served on other attorneys or government agencies. Upon receipt of
this notice, attorneys and government agencies shall immediately add their firm/agency's service
contact(s) for this case to the e-filing system. For further information on e-filing, go to
http://www.mncourts.gov/district/4/?page=3953.

All future hearings and trial dates will be scheduled by the courtroom staff. Check with the Court Display Monitors on the
Public Service Level for the location on the day of the hearing.

A notice to remove this judicial officer must comply with Minnesota Rules of Civil Procedure 63.03 and Minnesota Statute §
542.16.

Failure to timely file any required document or other failure to comply with the General Rules of Practice for the District
Courts may result in the impositions of sanctions, including possible dismissal of the case.

Dated: April 20, 2023                              Sara Gonsalves
                                                  Court Administrator
                                                  Hennepin

cc:   Pravati Investment Fund IV LP
      American Arbitration Association
      Berkshire Hathaway Direct Insurance Company
      DAVID JOHN SCHMIDT MADGETT

Filed in District Court
State of Minnesota
4/21/2023 12:12 AM

**STATE OF MINNESOTA**
**County of Hennepin**

Judicial District:

Case Type:

**DISTRICT COURT**
Fourth

Contract

)
)   Case No. 27-CV-23-5290
)
Madgett Law, LLC,                                     )
)
Plaintiff,                                 )
)
v.                                       )   **AFFIDAVIT OF SERVICE**
)
Pravati Capital, LLC; Pravati Investment Fund         )
IV, LP; American Arbitration Association;             )
Berkshire Hathaway Direct Insurance Company          )
d/b/a BiBerk Insurance Company                       )
)
Defendants.                             )

I, David Madgett, state that on April 18, 2023, I caused to be personally served the following:

- Summons and Complaint

Upon Pravati Capital, LLC upon its agent of service Mr. Clifford Haines.

I declare under the penalty of perjury that the information contained in this document is true and correct.

Dated: April 18, 2023

**MADGETT LAW, LLC**

/s/David Madgett
David Madgett (#0390494)
333 S 7th Street, Suite 2450
Minneapolis, MN 55402
612-470-6529
dmadgett@madgettlaw.com
ATTORNEY FOR PLAINTIFF

1

01397-Madgett Law, LLC

Filed in District Court
State of Minnesota
4/21/2023 12:12 AM

**STATE OF MINNESOTA**
**County of Hennepin**

Judicial District:
Case Type:

**DISTRICT COURT**
Fourth
Contract

|  |  |
|---|---|
| | ) |
| | ) |
| Madgett Law, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Pravati Capital, LLC; Pravati Investment Fund | ) |
| IV, LP; American Arbitration Association; | ) |
| Berkshire Hathaway Direct Insurance Company | ) |
| d/b/a BiBerk Insurance Company | ) |
| | ) |
| Defendants. | ) |

Case No. 27-CV-23-5290

**AFFIDAVIT OF SERVICE**

I, David Madgett, state that on April 18, 2023, I caused to be personally served the following:

- Summons and Complaint

Upon Pravati Investment Fund IV upon its agent of service Mr. Clifford Haines.

I declare under the penalty of perjury that the information contained in this document is true and correct.

Dated: April 18, 2023

**MADGETT LAW, LLC**

/s/David Madgett
David Madgett (#0390494)
333 S 7th Street, Suite 2450
Minneapolis, MN 55402
612-470-6529
dmadgett@madgettlaw.com
ATTORNEY FOR PLAINTIFF

1

01397-Madgett Law, LLC

Filed in District Court
State of Minnesota
4/21/2023 12:08 PM

**STATE OF MINNESOTA**                                   **DISTRICT COURT**
**County of Hennepin**

                                    Judicial District:        Fourth
                                    Case Type:               Contract

                                                    )
                                                     )   Case No. 27-CV-23-5290
Madgett Law, LLC,                                    )
                                                     )
            Plaintiff,                               )
                                                     )
      v.                                             )   **Affidavid of compliance with**
                                                     )   **Minnesota Statutes § 45.028**
Pravati Capital, LLC; Pravati Investment Fund        )
IV, LP; American Arbitration Association;            )
Berkshire Hathaway Direct Insurance Company          )
d/b/a BiBerk Insurance Company                       )
                                                     )
            Defendants.                              )

I, David Madgett, state that on April 21, 2023, I served Berkshire Hathaway Direct Insurance Company d/b/a BiBerk Insurance Company in compliance with Minnesota Statutes § 45.028 by doing the following:

1. Serving Defendant via certified mail #7022 2410 0000 1600 6957 at:

    1314 Douglas St Suite 1400
    Omaha, NE 68102-1944

2. Sending a copy of the Summons and Complaint to the Department of Commerce via certified mail, #7022 2410 0000 1600 6964 at:

    Minnesota Department of Commerce
    Consumer Services Center
    85 7th Place East, Suite 280
    Saint Paul, MN 55101

I declare under the penalty of perjury that the information contained in this document is true and correct.

1

01397-Madgett Law, LLC

27-CV-23-5290

Filed in District Court
State of Minnesota
4/21/2023 12:08 PM

Dated: April 18, 2023

**MADGETT LAW, LLC**

<u>/s/David Madgett</u>
David Madgett (#0390494)
333 S 7th Street, Suite 2450
Minneapolis, MN 55402
612-470-6529
dmadgett@madgettlaw.com
ATTORNEY FOR PLAINTIFF

2

01397-Madgett Law, LLC