# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| MADGETT LAW, LLC,<br><br>Plaintiff,<br><br>v.<br><br>PRAVATI CAPITAL, LLC, PRAVATI INVESTMENT FUND IV, LP, and BERKSHIRE HATHAWAY DIRECT INSURANCE COMPANY, *doing business as* BIBERK INSURANCE COMPANY,<br><br>Defendants. | Case No. 23-CV-1271 (NEB/JFD)<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL AND AMENDING THE SCHEDULING ORDER** |

This matter comes before the Court on the Motion to Compel filed by Plaintiff Madgett Law, LLC ("Madgett Law"). (Mot. Compel, Dkt. No. 80.) Madgett Law is suing Pravati Investment Fund IV, LP and Pravati Capital, LLC (collectively "Pravati Capital") for abuse of process, violations of the Minnesota Consumer Protection Act, fraud, and for an injunction staying arbitration proceedings. (Am. Notice of Removal, Ex. A. 15–21, Dkt. No. 7-1.) In a previous order, this Court has explained in detail the circumstances that have led the undersigned to consider this Motion without oral argument and without a response from Pravati Capital. (Order Canceling Deadline and Hearing 2, Dkt. 90.) In short, Pravati Capital failed to timely respond to Madgett Law's Motion to Compel. (*Id.*) Moreover, this Court did not consider any of the unfiled motions Pravati Capital's counsel represented to have at the ready when he emailed the Court. (*Id.* at 4–5.) Consistent with the rules in this District, this Court canceled the hearing and considers

this motion without oral argument or a response from Pravati Capital. (*Id.* at 5 (citing D. Minn. LR 7.1(g)(1)).) For the reasons set forth below, the Court grants in part and denies in part Madgett Law's Motion to Compel.

I. BACKGROUND

Discovery in this matter was scheduled to close on December 20, 2023. (Pretrial Scheduling Order 1, Dkt. 61.) Pravati Capital was served with a deposition notice consistent with Rule 30(b)(6) on October 16, 2023, for a deposition scheduled November 14, 2023, at 1:00 PM, in Minneapolis, Minnesota. (Aff. of Counsel, Dkt. 83, ¶ 3; *id.*, Ex. A, Dkt. No. 83-1.) Mr. Clifford Haines, counsel for Pravati Capital, objected that he had another court hearing on November 14, that the 30(b)(6) notice included topics that were inappropriate for a deposition, and that the deposition could not be held in Minnesota. (Aff. of Counsel, Ex. B, at 2, Dkt. No. 89-2.) Mr. Madgett agreed to hold the deposition via Zoom, but it was never completed for reasons that are not clear from the record. (*Id.* at 3.) Madgett Law filed a Motion asking the Court to order Pravati Capital to comply with the Rule 30(b)(6) deposition notice on December 16, 2023, and perfected that motion on December 20. (Pl.'s Mem. Supp. Mot. Compel 1, Dkt. No. 82.)

On December 21, 2023, Mr. Madgett updated the Court that he was able to meet and confer with counsel for Pravati Capital and promised to keep the Court updated on their negotiations. (Updated and Am. Meet and Confer Statement, Dkt. No. 87; Order Canceling Deadline and Hearing 2, Dkt. 90.) On January 4, the Court ordered Mr. Madgett to provide an update after not receiving any updates from either party. (Order Canceling Deadline and Hearing 3.) Mr. Madgett filed an update with the Court

explaining that he emailed Mr. Haines on December 26, attempted to reach him by telephone, and had not received a response. (Second Updated and Am. Meet and Confer Statement, Dkt. No. 89.) After receiving this notice, the Court canceled the hearing on Madgett Law's Motion to Compel, denied Mr. Haines' emailed request to attend that hearing remotely as moot, and took the Motion under advisement. (Order Canceling Deadline and Hearing 5–6.)

## II.   LEGAL STANDARDS

Parties in civil cases can discover nonprivileged information "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The requesting party has the burden of showing the information's relevance. *Sherman v. Sheffield Fin., LLC*, 338 F.R.D. 247, 252 (D. Minn. Apr. 26, 2021) (citing *Hofer v. Mack Trucks, Inc.,* 981 F.2d 377, 380 (8th Cir. 1992)). Then, "the party resisting production bears the burden of establishing lack of relevancy or undue burden." *Inline Packaging, LLC v. Graphic Packaging Int'l, Inc.*, No. 15-CV-3183 (ADM/LIB), 2016 WL 6997113, at *7 (D. Minn. Sept. 6, 2016) (quoting *Saint Paul Reinsurance Co. v. Com. Fin. Corp.*, 198 F.R.D. 508, 511 (N.D. Iowa Nov. 22, 2000)). This is a broad disclosure standard but it is not boundless; parties can discover only information which is "proportional to the needs of the case," considering "the importance of the issues," "the amount in controversy," "the parties' relative access to relevant information," their resources, how important the discovery is in resolving the issues, and "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Parties in civil cases may "depose any person, including a party." Fed. R. Civ. P. 30(a)(1). To do so, the requesting party must "give reasonable written notice" and "state the time and place of deposition." Fed. R. Civ. P. 30(b)(1). If the notice is directed to an organization, it must "describe with reasonable particularity the matter for examination." Fed. R. Civ. P. 30(b)(6). "The named organization must designate . . . persons who consent to testify on its behalf" and "may set out the matters on which each person designated will testify." Fed. R. Civ. P. 30(b)(6). Additionally, "the serving party and the organization must confer in good faith about the matters for examination." Fed. R. Civ. P. 30(b)(6). "The persons designated must testify about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6).

A requesting party, under the belief its discovery requests are relevant and proportional, may make a motion to compel the responding party's production if the responding party fails to provide requested information. Fed. R. Civ. P. 37(a)(3)(B). If a party prevails in their motion to compel, the court must award them expenses unless the moving party failed to meet and confer, the opposing party's conduct was "substantially justified," or it would be otherwise unjust to order expenses. Fed. R. Civ. P. 37(a)(5). If the Court grants the motion to compel in part, the Court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C).

The Court may also order sanctions if "a person designated under Rule 30(b)(6)" fails to appear for their deposition "after being served with proper notice." Fed. R. Civ. P. 37(d)(1)(A)(i). Failure is "not excused on the ground that the discovery sought was

4

objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2). Moreover, "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

**III.   ANALYSIS**

Rule 30(b)(6) "bears heavily upon the parties' reciprocal obligations." *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 638 (D. Minn. 2000). "[T]he requesting party must reasonably particularize the subjects of the intended inquiry." (*Id.*) "In turn, the responding party. . . is obligated to produce a deponent who has been suitably prepared to respond to questioning within that scope of inquiry." (*Id.*) Here, Pravati Capital took issue with the breadth of the deposition topics. (*See* Aff. of Counsel, Ex. B at 1–2.) It is true "that the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute." *Prokosch*, 193 F.R.D. at 638. If Pravati Capital felt Madgett Law identified irrelevant topics for the noticed deposition, its recourse was to meet and confer with Madgett Law to narrow the scope of the issues or file a motion for a protective order.[1] In fact, counsel for Pravati Capital agreed to meet with counsel for Madgett Law

---

[1] Pravati Capital's communications suggest that it saw its options the same way: "If you are prepared to narrow your inquiry, again I will work with you but if not we will proceed with a Motion." (Aff. of Counsel, Ex. B at 2.)

5

to identify their specific objections. (Updated and Am. Meet and Confer Statement, Dkt. No. 87.) It is unclear if this meeting ever happened. What is clear is that Pravati Capital did not file a motion for a protective order claiming that the deposition topics were unduly burdensome or oppressive. (*See* Fed. R. Civ. P. 26(c)(1).)

Madgett Law alleges that Pravati Capital wrongfully initiated binding arbitration proceedings when Madgett Law never agreed to it; that Pravati Capital is abusing the arbitration process to make Mr. Madgett pay for co-counsel's alleged debts to Pravati Capital; that it violated the Minnesota Consumer Protection Act when it withheld material information at the time of contract formation[2]; and that it committed fraud when it falsely told Mr. Madgett that he and his firm had signed legal documents with Pravati Capital in the hopes that Mr. Madgett would pay Pravati Capital to go away. (Am. Notice of Removal, Ex. A. at ¶¶ 22, 66, 76–78, 81, 86–87, 91–92.) To prove up these claims, Madgett Law seeks a 30(b)(6) deponent who is familiar with the following:

- The filings and discovery materials in the case (topics 1–2)
- The alleged contract between the parties (topic 4)
- The loan file at issue (topic 9), "any loan investigation communications" (topic 16), and any representations made to auditors or investors about the loan (topics 17–19)
- Any contacts the parties had with one another (topics 3, 5, 13, and 28)

---

[2] Specifically, Madgett alleges that Pravati hid the fact that it will "prohibit attorneys from resolving cases by compromise unless such compromise directly benefits Pravati." (Am. Notice of Removal, Ex. A. at ¶ 78.)

- Any contacts Pravati Capital had with Mr. Madgett's co-counsel or co-counsel's employees (topics 14–15), and any knowledge it has about co-counsel's "financial mismanagement" or "truthfulness" (topics 21–22)

- Madgett Law's net worth (topic 29), its pretax profits in the last four years (topic 30), and Pravati Capital's records about or referencing Madgett Law (topic 27)

- How the Pravati defendants are related (topic 31), how they make loans (topic 6–8), how they audit the loans (topic 24), how they recover loans (topic 25), how they record and investigate claims (topics 23 and 26) how they decide to sue (topic 11), and instances of suits in similar situations (topics 10 and 12)

- The identities of Pravati's investors (topic 20)

(Aff. of Counsel, Ex. A.)

Each of these topics is relevant to the claims Madgett Law advances, with one exception. It is not clear how the identity of Pravati Capital's investors has anything to do with the dispute about arbitration or the state law claims. Therefore, Pravati Capital need not present a 30(b)(6) witness familiar with the identities of its investors.

Pravati Capital was served through counsel and has provided no compelling legal justification for not naming a deponent and having that deponent sit for a deposition. Consequently, Madgett Law's Motion to Compel is granted, as limited above. Pravati Capital's burden "to prepare a knowledgeable Rule 30(b)(6) witness[] may be an onerous one," but it is necessary to ensure "that the position of a corporation, that is involved in litigation, can be fully and fairly explored." *Prokosch*, 193 F.R.D. at 639.

Madgett Law requests reasonable expenses, including attorney's fees, because of Plaintiffs' failure to appear at the noticed Rule 30(b)(6) deposition, *see* Fed. R. Civ. P. 37(d)(1)(a), as well as the costs and fees incurred in bringing this motion to compel, *see* Fed. R. Civ. P. 37(a)(5)(A). The award of fees is discretionary in this case because the Court granted in part and denied in part Madgett Law's Motion to Compel. *See* Fed R. Civ. P. 37(a)(5)(C); *see also* Fed. R. Civ. P. 37(d)(1)(A) ("The court where the action is pending *may*, on motion, order sanctions if . . . . a person designated under Rule 30(b)(6) . . . fails, after being served with proper notice, to appear for that person's deposition" (emphasis added)). The Court finds that sanctions are inappropriate here. The record reflects that Pravati Capital was unable to attend the noticed deposition because of a prior court appearance, which it explained to Madgett Law. Further, Pravati Capital has been severely sanctioned for its failure to meet and confer on the underlying motion to compel; this Court took the matter under advisement without Pravati Capital's input. The present leniency notwithstanding, the Court will not hesitate to order monetary sanctions in the future if Pravati Capital fails to comply with this order.

Madgett Law requests that the undersigned enjoin the underlying arbitration associated with this matter in another court. A motion to enjoin arbitration is dispositive and must be heard and decided by an Article III judge. *See, e.g.*, *Valspar Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 81 F. Supp. 3d 729, 730 (D. Minn. 2014) (denying motion for a preliminary injunction enjoining arbitration). The undersigned cannot provide such relief.

## IV. CONCLUSION

Pravati Capital must comply with Madgett Law's discovery request (except as it relates to Pravati Capital's investors) by the dates described below. Failure to comply with this Order will result in sanctions. Fed. R. Civ. P. 16(f) (allowing the courts to issue just orders and sanction a party that fails to obey a pretrial order); Fed. R. Civ. P. 37(b)(2)(A) (listing potential sanctions for failure to comply with a court order); Fed. R. Civ. P. 41(b) (allowing courts to dismiss cases when plaintiffs fail to prosecute their claims or comply with court orders).

Therefore, based on the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Madgett Law's Motion to Compel is **GRANTED IN PART AND DENIED IN PART.**

1. Pravati Capital must meet and confer on Madgett Law's 30(b)(6) Notice of Deposition no later than **March 6, 2024.** Pravati Capital will update the Court on the substance of the meet and confer.

2. Pravati Capital will name corporate representative(s) to appear at the deposition no later than **March 13, 2024**. The representative(s) need not be prepared to testify about the identity of Pravati Capital's investors, except as is necessary to answer questions about the remaining deposition topics fully and honestly.

3. The deposition of Pravati Capital's corporate representative(s) will be completed on or before **March 20, 2024.**

4. **The expert discovery deadline is changed from March 13, 2024 to April 10, 2024.**

Dated: February 26, 2024

*s/ John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge